UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER MIRANDA,<br><br>  Plaintiff,<br><br> v.<br><br>JASON SCHULTZ, et al.,<br><br>  Defendants. | No. 2:25-cv-1345 CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

**I. INTRODUCTION**

Plaintiff is a state prisoner proceeding pro se.[1] Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

---

[1] On July 15, 2025, plaintiff filed an interlocutory appeal. (ECF No. 7.) On September 2, 2025, the Ninth Circuit Court of Appeals dismissed plaintiff's appeal for lack of jurisdiction. (ECF No. 11.) On September 24, 2025, the Ninth Circuit entered the mandate. (ECF No. 12.)

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend. Also pending before the Court are plaintiff's motion to dismiss complaint filed July 7, 2025, construed below as a motion for injunctive relief, and plaintiff's motion for a preliminary injunction filed July 24, 2025. (ECF Nos. 6, 10.) For the following reasons, this Court recommends that these motions be denied.

## II. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

**III. DISCUSSSION**

In the caption of the complaint, plaintiff identifies himself as a Sovereign Secure Party Creditor. (ECF No. 1 at 1.) Named as defendants are Warden Schultz and the Director of the California Department of Corrections and Rehabilitation ("CDCR"). (Id. at 2.) Also named as a defendant is a lawsuit plaintiff identifies as Thomas v. CDCR. (Id.) A lawsuit is not a proper defendant in a civil rights action. Accordingly, if plaintiff files an amended complaint, he shall not name Thomas v. CDCR as a defendant. Plaintiff's complaint contains two claims for relief.

**A. Claim One**

As legal claims in claim one, plaintiff alleges sovereign immunities, lack of subject matter jurisdiction and violations of the Fourth Amendment and the U.C.C. Redemption Manual. (Id. at 3.) Plaintiff requests that he be immediately transferred to Napa State Hospital for care and treatment. (Id.) Plaintiff alleges that CDCR lacks rehabilitation. (Id.) Plaintiff alleges that the violent and hostile environment of CDCR injured plaintiff. (Id.) Plaintiff alleges that the injustices of CDCR caused plaintiff to suffer psychological and emotional distress and pain and suffering. (Id.)

3

Plaintiff's identification of himself as a Sovereign Secure Party Creditor and his reference to sovereign immunities appear to refer to sovereign citizen ideology. Legal theories based on sovereign citizen ideology have been rejected by countless federal courts. See, e.g., United States v. Ward, 1999 WL 369812, at *2 (9th Cir. 1999) (noting that contentions based on sovereign citizen arguments are "frivolous" and that "courts ordinarily reject similar contentions without extended argument"); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (discussing sovereign citizen arguments as "frivolous, irrational, or unintelligible," having no validity in country's legal system and recommending that they be "rejected summarily, however they are presented" and regardless of the individual's claimed status of descent, "be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being'") (collecting cases); Mackey v. Bureau of Prisons, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016) ("Courts across the country 'have uniformly rejected argument' based on the sovereign citizen ideology as frivolous, irrational, or unintelligible."). Accordingly, plaintiff's claims based on sovereign citizen ideology are dismissed.

In claim one, plaintiff appears to challenge conditions of confinement at California State Prison-Sacramento ("CSP-Sac"), where plaintiff was incarcerated when he filed this action.[2] Plaintiff's claims based on lack of subject matter jurisdiction and violation of the U.C.C. Redemption Manual do not provide a legal basis for plaintiff to challenge conditions of confinement at CSP-Sac. Accordingly, these claims are dismissed. See Neitzke, 490 U.S. at 325 (a complaint is frivolous within the meaning of 28 U.S.C. § 1915 "where it lacks an arguable basis either in law or in fact.").

If plaintiff files an amended complaint, plaintiff shall identify a cognizable legal theory supporting his claims challenging conditions of confinement. Plaintiff is informed that there is no constitutional right to rehabilitation in prison. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981) (deprivation of rehabilitation and educational programs does not violate the Eighth Amendment).

Plaintiff is also informed that the Eighth Amendment's prohibition against "cruel and

---

[2] Plaintiff is now incarcerated at Mule Creek State Prison ("MCSP").

unusual punishments" imposes duties on prison officials to provide "humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer, 511 U.S. at 832 (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). To establish an Eighth Amendment conditions of confinement claim, plaintiff must demonstrate (1) an objectively, sufficiently serious deprivation, and (2) that defendants acted subjectively, with deliberate indifference to this deprivation. See Hampton v. California, 83 F.4th 754, 766 (9th Cir. 2023) (internal citations omitted).

In claim one, plaintiff also alleges that he was forced to part his buttocks during searches and purge his anal cavity "to sexually oriented unknown personnel." (ECF No. 1 at 4.) Plaintiff alleges that no contraband was found during these searches. (Id.) "The Fourth Amendment prohibits only unreasonable searches." Bell v. Wolfish, 441 U.S. 520, 558 (1979). Courts regularly recognize the importance and difficulty of keeping detention facilities free from drugs, weapons, and other contraband. See id. at 559; see also Way v. Cty. of Ventura, 445 F.3d 1157, 1161 (9th Cir. 2006). However, courts also recognize the "frightening and humiliating invasion" occasioned by a strip search "even when conducted with all due courtesy." Way, 445 F.3d at 1160 (internal quotation marks omitted); Byrd v. Maricopa Cty. Sheriff's Dep't, 629 F.3d 1135, 1143 (9th Cir. 2011). Although some visual body cavity searches of prisoners may be reasonable, others can "be excessive, vindictive, harassing, or unrelated to any legitimate penological interest." Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). There is no precise definition to assess reasonableness, and each case "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." Bell, 441 U.S. at 559. In Thompson v. Souza, 111 F.3d 694, 700-01 (9th Cir. 1997), the Ninth Circuit found that a visual body cavity search conducted in full view of other inmates and intended to detect illicit drugs was reasonably related to a legitimate penological interest.

Plaintiff has not pled sufficient facts demonstrating that the alleged searches violated the Fourth Amendment. While plaintiff alleges that no contraband was found during the searches,

5

plaintiff does not allege facts demonstrating that the searches were unrelated to any legitimate penological interest.  Plaintiff also does not plead sufficient facts demonstrating that the alleged searches were excessive, vindictive or harassing.  Plaintiff does not make clear whether he was touched during the alleged searches.  Plaintiff does not address how often he was allegedly searched.  Without knowing why plaintiff was searched, the frequency of the searches and how the searches were conducted, this Court cannot determine whether plaintiff states a potentially colorable Fourth Amendment claim.  If plaintiff files an amended complaint, plaintiff shall address these issues.

Plaintiff is also informed that, "a prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading or demeaning the prisoner."  Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2022).  If plaintiff is claiming that the alleged searches were conducted in a sexual manner, plaintiff shall clarify this claim in an amended complaint.

The claims raised in claim one are also dismissed because no defendants are linked to these claims.  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

6

1 their employees under a theory of respondeat superior and, therefore, when a named defendant
2 holds a supervisorial position, the causal link between him and the claimed constitutional
3 violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
4 Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague
5 and conclusory allegations concerning the involvement of official personnel in civil rights
6 violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

7     Claim one is dismissed because plaintiff does not describe the involvement of defendants
8 Schultz and CDCR Secretary in the alleged deprivations. If plaintiff files an amended complaint,
9 plaintiff shall name as defendants the persons who allegedly committed the violations of
10 plaintiff's constitutional rights. In the amended complaint, plaintiff shall also describe the acts or
11 omissions of defendants that allegedly violated plaintiff's constitutional rights.

12     **B. Claim Two**

13     In claim two, plaintiff appears to claim that he is a member of the class action filed in
14 Thomas v. CDCR. (ECF No. 1 at 8.) Beyond that, plaintiff's claims are not clear. Plaintiff
15 appears to refer to Thomas v. CDCR, a class action filed in Sacramento County Superior Court
16 alleging that "on or around January 2022, CDCR was the victim of an incident whereby an
17 unauthorized person gained access to CDCR's network and sensitive data." See
18 https://www.cdcrdataclassactionsettlement.com/Index. CDCR agreed to pay money to settle this
19 litigation. See id. "The Settlement Fund will be used to pay benefits to the Settlement Class
20 Members who file valid and timely claims…" See id. Settlement payments are expected to be
21 issued by the end of September 2025. See id.

22     Plaintiff is informed that this court has no jurisdiction over the Thomas v. CDCR class
23 action filed in Sacramento County Superior Court. Any claim by plaintiff regarding Thomas v.
24 CDCR should not be raised in this court. For these reasons, claim two is dismissed.

25 **IV. LEAVE TO AMEND**

26     If plaintiff chooses to amend the complaint, plaintiff is informed that the court cannot
27 refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule
28 220 requires that an amended complaint be complete in itself without reference to any prior

pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V. PLAINTIFF'S MOTION TO DISMISS COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION

On July 7, 2025, plaintiff filed a motion to dismiss complaint. (ECF No. 6.) After reviewing this pleading, it does not appear that plaintiff is requesting dismissal of the instant action. In this motion, plaintiff appears to request that he be released on parole. This Court construes plaintiff's motion to dismiss complaint as a motion for injunctive relief. On July 24, 2025, plaintiff filed a motion for a preliminary injunction. (ECF No. 10.) In this motion, plaintiff also appears to request that he be released on parole. In both motions, plaintiff appears to argue that he is entitled to parole as a juvenile offender pursuant to California Senate Bill 260. California Senate Bill 260 established a parole eligibility mechanism for some juvenile offenders who were 18 years of age at the time of the controlling offense. See Michal v. Borders, 2017 WL 6942434, at *2 (C.D. Cal. Dec. 11, 2017), findings and recommendations adopted, 2018 WL 400746 (C.D. Cal. Jan. 11, 2018).

A civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). In contrast, habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). In the pending motions, plaintiff appears to seek his release on parole. Therefore, a writ of habeas corpus is plaintiff's sole remedy in federal court for his claims seeking release on parole which may be pursued only after exhausting all of his constitutional claims in state court. For these reasons, this Court recommends that plaintiff's motions for injunctive relief seeking release on

parole be denied because these motions are improperly raised in this civil rights action.

Plaintiff is also informed that requests for injunctive relief must be related to the claims on which this action proceeds. See Pac. Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.").

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action;

5. The Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that plaintiff's motion to dismiss complaint (ECF No. 6), construed as a motion for injunctive relief, and plaintiff's motion for preliminary injunction (ECF No. 10) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: 09/29/25

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Mira1345.14/2

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER MIRANDA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JASON SCHULTZ, et al.,<br><br>　　　　　Defendants. | No.  2:25-cv-1145 CSK P<br><br><br>NOTICE OF AMENDMENT |

　　　Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐　　Amended Complaint

　　　(Check this box if submitting an Amended Complaint)

DATED:

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Plaintiff